IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EISAI R&D MANAGEMENT CO., LTD.,     )
EISAI CO., LTD. and EISAI INC.,     )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )   C.A. No._____
                                    )
LONG GROVE PHARMACEUTICALS,         )
LLC,                                )
                                    )
          Defendant.                )

## COMPLAINT

Plaintiffs Eisai R&D Management Co., Ltd., Eisai Co., Ltd., and Eisai Inc. (collectively, "Eisai" or "Plaintiffs"), for their Complaint against Defendant Long Grove Pharmaceuticals, LLC ("Long Grove" or "Defendant"), hereby allege as follows:

## THE PARTIES

1.     Plaintiff Eisai R&D Management Co., Ltd. ("ERDC") is a Japanese corporation having a principal place of business at 6-10 Koishikawa 4-Chome, Bunkyo-ku, Tokyo 112-8088, Japan.

2.     Plaintiff Eisai Co., Ltd. ("ECL") is a Japanese corporation having a principal place of business at 6-10 Koishikawa 4-Chome, Bunkyo-ku, Tokyo 112-8088, Japan.

3.     Plaintiff Eisai Inc. ("ESI") is a Delaware corporation having a principal place of business at 200 Metro Boulevard, Nutley, New Jersey 07110.  ESI is a wholly-owned indirect subsidiary of ECL.

4.     Upon information and belief, Long Grove is a Delaware limited liability company, having a registered agent located at Corporation Trust Center 1209 Orange Street,

Wilmington, Delaware 19801, and a principal place of business at 9450 W. Bryn Mawr Ave., Suite 640, Rosemont, Illinois, 60018.

5.      Upon information and belief, Long Grove develops, manufactures, imports, markets, distributes, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in the State of Delaware.

## NATURE OF THE ACTION

6.      This is a civil action for infringement of U.S. Patent No. RE 46,965 ("the '965 patent" or "the patent-in-suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Long Grove sent ERDC and ESI a letter via Federal Express, dated July 29, 2022 and received on August 1, 2022, providing notice of Long Grove's Paragraph IV certification with respect to the '965 patent ("Long Grove's Paragraph IV notice letter"). Long Grove's Paragraph IV notice letter states that Long Grove had submitted Abbreviated New Drug Application ("ANDA") No. 214850 seeking approval from the United States Food and Drug Administration ("FDA") to engage in the manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States of generic eribulin mesylate injection, 1 mg/2 mL (0.5 mg/mL) single-use vials ("Long Grove's ANDA Product") prior to the expiration of the '965 patent.

9.      This Court has personal jurisdiction over Long Grove because, *inter alia*, Long Grove is a Delaware limited liability company and maintains a registered agent in Delaware.

2

10.    This Court also has personal jurisdiction over Long Grove because, *inter alia*, Long Grove has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Eisai, including in the State of Delaware.  This Court has personal jurisdiction over Long Grove for the additional reasons set forth below and for other reasons that will be presented to the Court if jurisdiction is challenged.

11.    This Court has personal jurisdiction over Long Grove because, *inter alia*, Long Grove (1) maintains substantial, continuous, and systematic contacts with the State of Delaware; (2) markets, sells, and/or distributes generic versions of branded pharmaceutical products throughout the United States, including in the State of Delaware; (3) intends to market, sell, and/or distribute Long Grove's ANDA Product throughout the United States, including to residents of the State of Delaware; (4) intends to or maintains a broad distributorship network within the State of Delaware; and (5) intends to or enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

12.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b). Venue is proper for the reasons set forth below and for other reasons that will be presented to the Court if such venue is challenged.

13.    Venue is proper in this Court as to Long Grove under 28 U.S.C. §§ 1391(c)-(d) and 1400(b), because, *inter alia*, Long Grove is a Delaware limited liability company, maintains a registered agent in Delaware, and has committed and will commit further acts of infringement in the State of Delaware.

**THE PATENT-IN-SUIT**

14.    ESI is the holder of New Drug Application ("NDA") No. 201532 for eribulin mesylate injection for intravenous use, available in single-use vials containing eribulin mesylate at 1 mg/2 mL (0.5 mg/mL).  ESI markets and sells the eribulin mesylate injection that is the subject of NDA No. 201532 in the United States under the brand name Halaven®.

15.    Halaven® has been approved by the FDA to treat patients with metastatic breast cancer who have previously received at least two chemotherapeutic regimens for the treatment of metastatic disease, and prior therapy should have included an anthracycline and a taxane in either the adjuvant or metastatic setting.  Halaven® has also been approved by the FDA to treat patients with unresectable or metastatic liposarcoma who have received a prior anthracycline-containing regimen.

16.    On July 24, 2018, the '965 patent, titled "Intermediates for the Preparation of Analogs of Halichondrin B," was issued by the United States Patent and Trademark Office.  A true and correct copy of the '965 patent is attached to this Complaint as Exhibit A.

17.    ERDC owns the '965 patent.  ECL is an exclusive licensee of the '965 patent.  ESI, a wholly-owned subsidiary of ECL, is an exclusive sublicensee of certain rights to the '965 patent, including the right to market and sell Halaven® in the United States.

18.    Pursuant to 21 U.S.C. § 355(b)(l), the '965 patent is listed in the FDA publication titled, *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book") as covering Halaven®.

**ACTS GIVING RISE TO THIS ACTION**

19.    Upon information and belief, Long Grove submitted ANDA No. 214850 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA")

4

(21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Long Grove's ANDA Product prior to the expiration of the '965 patent. Upon information and belief, Long Grove's ANDA No. 214850 contains a certification with respect to the '965 patent under the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification").

20. Upon information and belief, Long Grove sent a Paragraph IV notice letter, dated July 29, 2022 and received on August 1, 2022, to ERDC and ESI via Federal Express. In its Paragraph IV notice letter, Long Grove represented that its ANDA No. 214850 included a Paragraph IV certification with respect to the '965 patent, and that Long Grove is seeking approval of ANDA No. 214850 prior to the expiration of the '965 patent.

21. The filing of Long Grove's ANDA with its Paragraph IV certification constituted an act of infringement under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2).

22. Long Grove's Paragraph IV notice letter included an Offer of Confidential Access ("OCA"). Long Grove's OCA proposed limiting Eisai's access to "Confidential Long Grove Information" to a subset of information from Long Grove's ANDA No. 214850 which would have been unilaterally selected by Long Grove. Shortly after receiving Long Grove's Paragraph IV notice letter, Eisai requested that Long Grove's OCA be revised to provide Eisai with access to a complete copy of Long Grove's ANDA No. 214850, a complete copy of each Drug Master File ("DMF") referenced in Long Grove's ANDA No. 214850, certain documents and things concerning a statement in Long Grove's Paragraph IV notice letter, and certain amounts of unexpired samples of Long Grove's ANDA Product and the active pharmaceutical ingredient contained within Long Grove's ANDA Product. Eisai's request was made pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

23.    On August 29, 2022, Long Grove responded to Eisai's request, stating it would not agree to produce all of the materials that Eisai requested, and that it would "consider" providing an unspecified number of vials of Long Grove's ANDA Product only if Eisai agreed to provide additional information, including information that is or would have been clearly protected by attorney-client privilege and/or work product immunity.

24.    Since receipt of Long Grove's August 29, 2022 response, Eisai and Long Grove have continued to attempt to negotiate the terms of an OCA.

25.    As of the date that this Complaint is being filed, Eisai and Long Grove have not entered into an OCA, and Eisai has not received any documents or things from Long Grove, such as a complete copy of Long Grove's ANDA No. 214850, a complete copy of each DMF referenced in Long Grove's ANDA No. 214850, any documents and things concerning Long Grove's Paragraph IV notice letter, or samples of Long Grove's ANDA Product and of the active pharmaceutical ingredient contained within Long Grove's ANDA Product.

26.    Plaintiffs are not aware of any other means, other than discovery in this lawsuit, to obtain information regarding Long Grove's ANDA Product.  In the absence of receiving such information within the 45-day statutory period, Plaintiffs will utilize the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to support their allegations of infringement and to present the Court with evidence that Long Grove's ANDA Product falls within the scope of one or more claims of the '965 patent.

27.    Eisai is commencing this action within 45 days of the date of receipt of Long Grove's Paragraph IV notice letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## CLAIM FOR RELIEF – INFRINGEMENT BY LONG GROVE

28.    Eisai re-alleges paragraphs 1-27 as if fully set forth herein.

29.    By submitting ANDA No. 214850 to the FDA seeking approval to engage in the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Long Grove's ANDA Product prior to the expiration of the '965 patent, Long Grove has infringed the claims of the '965 patent under 35 U.S.C. § 271(e)(2)(A).

30.    Upon information and belief, Long Grove intends to and will engage in the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Long Grove's ANDA Product upon receipt of final approval of ANDA No. 214850 by the FDA.

31.    If Long Grove manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, Long Grove's ANDA Product prior to the expiration of the '965 patent, Long Grove will infringe the claims of the '965 patent under, *inter alia*, 35 U.S.C. § 271(a).

32.    Eisai will be irreparably harmed by Long Grove's infringing activities unless those activities are enjoined by this Court.  Eisai does not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Eisai requests the Court grant the following relief:

A.    A Judgment decreeing that Long Grove has infringed the '965 patent;

B.    A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283 restraining and enjoining Long Grove, its directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in concert with Long Grove, from infringing the '965 patent by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Long Grove's ANDA Product;

C.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of ANDA No. 214850 be a date that is not earlier than the expiration of the '965 patent, including any patent term extension or exclusivity for the '965 patent to which Eisai is or becomes entitled;

D.     An award of monetary relief to the extent Long Grove commercially manufactures, uses, offers to sell, or sells within the United States, or imports into the United States, any product that infringes the '965 patent prior to the expiration of the '965 patent, including any later expiration of any patent term extension or exclusivity for the '965 patent to which Eisai is or becomes entitled, and that any such monetary relief be awarded to Eisai with prejudgment interest; and

E.     Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

OF COUNSEL:

Bruce M. Wexler
Melanie R. Rupert
David A. Chen
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Eisai R&D Management Co., Ltd.,*
*Eisai Co., Ltd. and Eisai Inc.*

September 15, 2022

8